**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-10398-IT |
| | ) | |
| | ) | |
| ANDREW BARTLETT | ) | |

**JOINT STATUS REPORT**

Pursuant to Local Rule 116.5(A), the parties are hereby jointly filing the following status report prepared in connection with the Initial Status Conference scheduled for January 18, 2019.

1. Automatic Discovery Status/Outstanding Discovery Requests

Discovery on this case was begun on 10/2/18 when the following discovery was produced:  ATF Reports-1, Power point- 84, Historical Cell Site Location Request-88, Search Warrant Materials- 97, Photos from Search Warrant- 195 Photos of Firearm- 198, Stolen Gun- 201, RMV and BOP- 203, Phone info- 210 Mapping- 215, Trace-228, Middleborough PD Report Regarding Theft of Gun- 230 MSP Ballistics Report- 238, CD containing voicemail to Wainwright- 241, On scene photos- 242, at office photos- 267 Photos with description- 290, Electronic Media: post arrest recorded interview Taunton PD- 295.  On October 4, 2018, the government produced an Additional ATF Report (297), Surveillance

1

and Interview Notes (298), and additional Ballistics Reports

(324), and the ATF report for the execution of the search

warrant together with all attachments (330-405).  On October 9,

2018, the government produced additional ATF Reports (406-418).

Documents 419-501 were inadvertently produced from another case.

Please disregard and discard them.  Grand jury transcript for

ATF S/A Kefalas was produced as document Nos. 502-522.  On

November 28, 2018 a discovery package from the State police

Crime Lab pertaining to the Ballistics report was produced as

documents 523-602.  Thereafter, additional ATF Reports were

produced as documents 603-613 and search warrant materials for

the Defendant's phone seized at arrest were produced as

documents 614-34.

    The automatic discovery letter was sent out on 1-13-19. The

government acknowledges that this was late.

    Two CD's have also provided to date and relate to the

following: Voicemail to Wainwright recording (Doc. 241), ATF

Post Arrest Interview (Doc 295).

    2.  Additional Discovery

    The government believes that there may be  one or more ATF

Reports (including returns) outstanding and will be produced

promptly upon receipt.  The government is also preparing the

information obtained from Defendant's cell phone and it will be

produced as soon as it is available. The government is also engaged in determining whether there is any exculpatory information within the meaning of LR 116.2(b)(1)(D-E) and will produce such information should it become available.

Other than those items, final expert disclosures and discovery, and any pretrial discovery required by the Local Rules, the government does not presently anticipate producing or requesting any other additional discovery. Should the government receive any reports or other discoverable information in addition to that outlined above, it will be produced as required by Rule 16 and the Local Rules.

The defendant does not anticipate producing any additional discovery other than that set forth in paragraph 6, below.

3. Timing of Additional Discovery Requests

The defendant is reviewing the discovery provided by the government and requests until February 28, 2019 to file a discovery letter. The government assents to that request.

4. Protective Orders

It does not presently appear that any protective orders are anticipated by the parties. Should that change, the parties will address those issues promptly.

5. Pretrial Motions

If discovery motions are necessary, the parties will

propose a filing schedule at the Interim Status Conference. The
parties will propose a schedule for any additional pretrial
motions at the Final Status Conference.

      6. Expert Discovery

The government anticipates that, unless there is a
stipulation regarding the firearms involved in this case, it
will offer expert testimony regarding the charged firearm and
ammunition, i.e., that the items seized from the defendant on
the dates identified in the Indictment were "a firearm" and
"ammunition"  within the meaning of 18 U.S.C. §921.

The government also expects to introduce expert opinion at
trial that the charged firearms have the requisite nexus with
interstate commerce (i.e., that they crossed a state line or an
international boundary prior to being purchased from the
defendant.  You have already received the report on this issue
from ATF S/A Patrick Briody. The government is also reserving
the right to introduce testimony about the infrequency with
which fingerprints are obtained from firearms and how well
fingerprint material will stand up to the passage of time.  The
government has already provided the defendant with reports
relating to some anticipated expert testimony and reserves the
right to supplement these disclosures. The government will make
its final expert disclosures 21 days before trial and defendant
will make its disclosures 7 days before trial.

The government also expects to introduce ballistics evidence comparing shell casings/spent cartridges from the charged guns with other such casings and cartridges recovered from other shots fired incidents described in the discovery produced to date.  Although this information is likely to be used at sentencing, the government reserves the right to use this information and the ballistician's opinion at trial upon notice to the defendant.

7. Speedy Trial Act Calculations

The parties have conferred on the periods excludable from all Speedy Trial Act calculations and believe that the following periods are excludable:

| | |
|---|---|
| 10/31/18-1/18/19 | Excluded per order dated 11/13/18 |
| 1/18/19-Interim Status | Excluded at the request of the parties |

As of the next Status Conference (assuming that all of the foregoing requests are allowed), 0 days will have been counted and 70 days will remain under the Speedy Trial Act.

8. Next Status Conference

The parties request that an Interim Status Conference be scheduled during the week of March 4, 2019, or as soon thereafter as is convenient for the Court and ask that the time between the Initial Status Conference and the Interim Status

Conference be excluded from all Speedy Trial Calculations.

Respectfully submitted,
ANDREW E.LELLING
UNITED STATES ATTORNEY

By:   /s/John A. Wortmann, Jr.
JOHN A. WORTMANN, JR.
Assistant U.S. Attorney
One Courthouse Way
Boston, MA
(617) 748-3207

/s/ Joshua Hanye
JOSHUA HANYE, Esq.
Office of the federal Defender
51 Sleeper Street, 5th Floor
Boston, MA
617-223-8061
COUNSEL FOR ANDREW BARTLETT

## CERTIFICATE OF SERVICE

The government hereby certifies that the foregoing was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

/S John A. Wortmann, Jr.
JOHN A. WORTMANN, JR.
Assistant U.S. Attorney